# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ILLINOIS WHOLESALE CASH REGISTER, INC., an Illinois corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 08 C 363 |
| PCG TRADING, LLC d/b/a CONVERGE, a Delaware limited liability company, ) ) ) ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff's motion to strike defendant's affirmative defenses and defendant's answer to paragraph 12 of the First Amended Complaint. The motion is granted in large part for the reasons explained below.

This is a breach of contract action in which plaintiff Illinois Wholesale Cash Register, Inc. ("Illinois Wholesale") alleges that defendant PCG Trading, LLC, doing business as Converge ("Converge"), sold plaintiff approximately three hundred stolen cash registers. Illinois Wholesale claims that Converge breached the implied warranty of title.

On February 4, 2009, Converge filed its Answer and Affirmative Defenses to the First Amended Complaint. On March 24, 2009, Illinois Wholesale filed the instant motion to strike Converge's

affirmative defenses as well as Converge's answer to paragraph 12 of the complaint. Converge contends that the motion is untimely because it was filed 48 days after Illinois Wholesale was served with the Answer, and Federal Rule of Civil Procedure 12(f) provides that the court may strike certain matter from a pleading "on motion made by a party . . . within 20 days after being served with the pleading." We reject the argument. Because Rule 12(f) also provides that the court may act "on its own" in striking matter from a pleading, the Seventh Circuit has observed that "[c]ourts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion." Williams v. Jader Fuel Co., 944 F.2d 1388, 1399 (7th Cir. 1991). Accordingly, we will address the merits of the motion to strike.

**Affirmative Defenses**

Converge raises the following "affirmative defenses":

1. The First Amended Complaint fails to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred by waiver, ratification, and/or estoppel.
3. Plaintiff's claims are barred by laches.
4. Converge reserves the right to assert other defenses, cross-claims, counterclaims, and third-party claims if and when they become appropriate in this action.

(Def.'s Answer and Affirmative Defenses at 4.) Illinois Wholesale argues that "failure to state a claim" is not a proper affirmative

defense, that the defenses fail to provide plaintiff with reasonable notice of their grounds, and that Converge cannot "reserve" the right to later assert defenses and claims.

Affirmative defenses must set forth a "short and plain statement" of the underlying facts; "bare bones" defenses are insufficient. Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294-95 (7th Cir. 1989). Converge's defenses are the epitome of "bare bones" and will therefore be stricken. Because it would be possible for Converge to prove a set of facts in support of Affirmative Defenses 2 and 3, they will be stricken without prejudice.

Affirmative Defense 1 will be stricken with prejudice because the proper vehicle for a party to establish a failure to state a claim is a Rule 12(b)(6) motion, not an affirmative defense. See Home Depot U.S.A., Inc. v. UBM, Inc., No. 06 C 3821, 2007 WL 611279, at *2 (N.D. Ill. Feb. 22, 2007).

Affirmative Defense 4 also will be stricken with prejudice. Converge purports to "reserve[] the right to assert other defenses" and claims "if and when they become appropriate in this action." (Def.'s Answer and Affirmative Defenses at 4.) Federal Rule of Civil Procedure 15, however, governs amendments to pleadings. Converge "cannot simply abrogate the Rules of Federal Procedure and hold the Court hostage to [its] inclination to later amend" its pleading. See Hayes v. Agilysys, Inc., No. 09 C 727, 2009 WL

891832, at *2 (N.D. Ill. Mar. 30, 2009). If Converge wishes to amend its pleadings in the future, it may seek leave of court to do so pursuant to Rule 15.

**Answer to Paragraph 12**

Paragraph 12 of the First Amended Complaint alleges: "Defendant breached its agreement to provide Plaintiff with [the cash registers] free from any and all encumbrances and with good and marketable title, since in light of several of them having been stolen, Defendant never possessed good and marketable title such that it could validly convey the same to Plaintiff." (First Am. Compl. at 4.) Converge's answer is as follows: "Converge states that paragraph 12 sets forth legal conclusions to which an answer is neither necessary nor appropriate." (Def.'s Answer and Affirmative Defenses at 4.)

Illinois Wholesale asserts that we should strike Converge's answer to paragraph 12 and deem paragraph 12 admitted because it fails to either admit or deny the allegations as required by Federal Rule of Civil Procedure 8(b). Converge responds that even if the answer is inadequate, we should not deem paragraph 12 admitted but rather should allow Converge to amend its answer.

Rule 8(b) requires that all allegations be responded to; there is no exception for "legal conclusions." State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Converge's answer to paragraph 12 will thus be stricken. It would

be unduly harsh to deem paragraph 12 admitted; instead, Converge will be given leave to replead its answer to paragraph 12.

## **CONCLUSION**

Plaintiff's motion to strike defendant's affirmative defenses and the answer to paragraph 12 of the First Amended Complaint is granted in large part. Affirmative Defenses 1 and 4 are stricken with prejudice. Affirmative Defenses 2 and 3 and the answer to paragraph 12 are stricken without prejudice, and defendant may file an amended answer consistent with this memorandum opinion and order by June 12, 2009.

Plaintiff states in its reply brief that it still intends to file a summary judgment motion. Plaintiff may file a motion for summary judgment by June 19, 2009. Defendant may file a response by July 31, 2009. Plaintiff may reply by August 21, 2009.

DATE:          May 27, 2009

ENTER:         _____
               John F. Grady, United States District Judge